**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO.

**HISPAMER DISTRIBUTORS, INC.**,

    Plaintiff,

vs.

**TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA**,

    Defendant.
_____/

## NOTICE OF REMOVAL

    Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), removes that certain cause of action now pending in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, Florida, styled *Hispamer Distributors, Inc. v. Travelers Property Casualty Company of America*, Case No. 10-56713 CA-04 ("State Court Action"), wherein judgment is demanded against Travelers, stating as follows:

    1.    Plaintiff, HISPAMER DISTRIBUTORS, INC., filed the State Court Action in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, Florida. Therefore, venue in this Court is proper because the State Court Action is pending in that court which is within the Miami Division of the United States District Court for the Southern District of Florida. A copy of Plaintiff's Complaint for Breach of Contract and Demand for Jury Trial ("Complaint") is included within Composite Exhibit 1 at 7-10, attached hereto.

    2.    Jurisdiction is proper in this Court. This case is removable, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332 because the parties are completely diverse and the amount in

controversy exceeds $75,000.00.  Furthermore, this Notice of Removal is timely pursuant to the second paragraph of 28 U.S.C. § 1446(b).

## COMPLETE DIVERSITY EXISTS

3. On information and belief, at all times material to this action, including at the time the Complaint was filed and at the present time, Hispamer Distributors, Inc., has been incorporated in and has been a citizen of the State of Florida and has had its principal place of business located in Miami, Miami-Dade County, Florida.  (Affidavit of Cheryl A. Franco in Support of Notice of Removal ("Franco Affidavit") ¶ 3, attached hereto as Exhibit 2.)  Furthermore, Plaintiff alleges:  "At all times relevant hereto, the Plaintiff was and is a resident of MIAMI-DADE County, Florida."  (Complaint ¶ 2.)

4. Travelers is not a citizen of Florida.  It is not incorporated in Florida and does not have its principal place of business in this State.  At all times material to this Action, including at the time the Complaint was filed and at the present time, Travelers has been incorporated in and has been a citizen of the State of Connecticut and has had its principal place of business located in Hartford, Hartford County, Connecticut. (Franco Affidavit ¶ 4.)

## AMOUNT IN CONTROVERSY EXCEEDS $75,000 AND REMOVAL IS TIMELY

5. This action arises from a first-party commercial property insurance claim for damages allegedly resulting from Hurricane Wilma.  On February 11, 2011, Travelers received from the Florida Department of Financial Services the summons and Complaint filed by Plaintiff.  The Complaint alleged that Travelers breached the insurance contract by "fail[ing] and/or refus[ing] to tender insurance proceeds due and owing Plaintiff with regard to losses arising out of the hurricane and/or hurricane force winds."  (Complaint ¶ 11.)  Rather than affirmatively stating the amount allegedly due and owing, the Complaint pleaded damages in an

indeterminate amount, alleging only that damages "exceeds the sum of Fifteen Thousand and 00/100 ($15,000) Dollars, exclusive of pre-judgment interest, court costs, and attorneys fees." (Complaint ¶ 1.)  On March 24, 2011, counsel for Plaintiff sent to Travelers an estimate for repairs by the public adjusting firm of Five Star Claims Adjusting totaling $440,223.43 as the "Net Claim" allegedly due to be paid by Travelers to Plaintiff.  (Franco Affidavit ¶ 5.)  This Notice of Removal is filed within 30 days of March 24, 2011.  The above facts establish that the amount in controversy exceeds $75,000.00 and that removal is timely, as explained below:

### Amount in Controversy Exceeds $75,000

6.  The Complaint filed by Plaintiff did not specify an amount of damages.  "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).  The Court should "review the propriety of removal on the basis of the removing documents," and "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction."  *Id.* at 1211 (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, (11th Cir. 2001).

7.  When determining the amount in controversy, Courts of the Eleventh Circuit follow the "plaintiff-viewpoint rule" wherein courts "are to measure the value of the object of the litigation solely from the plaintiff's perspective."  *Ericsson GE Mobile Communs. v. Motorola Communs. & Elecs.*, 120 F.3d 216, 218-19 (11th Cir. 1997).  As proof of the jurisdictional amount, a removing defendant may submit its own evidence in the form of affidavits and other documentary evidence.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010); *see also See Fernandez v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 8086,*2 (E.D. La. 2008)

(accepting "damage assessments or repair estimates for the property" as "affirmative proof in regards to the amount in controversy").

8. In this case, Plaintiff sent to Travelers an estimate for alleged hurricane damages totaling $440,223.43 as the "Net Claim" allegedly due to be paid by Travelers to Plaintiff. (Franco Affidavit ¶ 5.) Travelers submits this Plaintiff's estimate as affirmative proof of the amount in controversy. Accordingly, has met its burden to show that amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required for diversity jurisdiction. *See Alshakambeth v. Food Lion, Inc.*, 2007 U.S. Dist. LEXIS 20746, *6-7 (M.D. Fla. 2007).

### Removal is Timely

9. The time for removal is governed by 28 U.S.C. § 1446(b), which consists of two unnumbered paragraphs. The first paragraph of 28 U.S.C. § 1446(b), which requires that a notice of removal be filed within 30 days of receipt by the defendant of the plaintiff's initial pleading, does not apply to Travelers' Notice of Removal in this case because the amount in controversy was not affirmatively revealed on the face of Plaintiff's Complaint. "[F]or the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992), *cert. denied*, 507 U.S. 967 (1993); *accord Del Rio v. Scottsdale Ins. Co.*, 2005 U.S. Dist. LEXIS 29992, *9 (M.D. Fla. Nov. 18, 2005) (rejecting argument that removal was untimely filed more than 30 days after receipt of an "ambiguous" complaint because "[c]ase law is clear that the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is

seeking damages in excess of the federal jurisdictional amount." (internal quotation marks omitted)). If Plaintiff had wished the 30-day time period to run from Travelers' receipt of the initial pleading, Plaintiff was required "to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *See Callahan v. Countrywide Home Loans, Inc.*, 2006 U.S. Dist. LEXIS 42860, *11 (N.D. Fla. June 26, 2006) (quoting *Chapman*, 969 F.2d at 163).

10. Because the firs paragraph of 28 U.S.C. § 1446(b) does not apply, the timeliness of Travelers' Notice of Removal is governed by the second paragraph of 28 U.S.C. § 1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

11. A notice of removal is timely filed within 30 days after the defendant receives the "other paper" demonstrating that the amount in controversy exceeds the jurisdiction threshold—meaning the first such paper received after receipt of the initial pleading. "The plain language of the second paragraph of § 1446(b) requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading." *Chapman*, 969 F.2d at 164.

12. In *Chapman*, the defendant removed the action within 30 days after the plaintiff's answers to interrogatories revealed that the amount in controversy exceeded the jurisdictional threshold, where the initial pleading—served more than 30 days prior to removal—had been ambiguous. *Id.* at 161. The Fifth Circuit rejected the argument that a pre-suit demand letter was

5

the "other paper" from which the amount in controversy was ascertainable so as render the notice of removal untimely.  The Court held that placing an actual knowledge limitation on the second paragraph of 28 U.S.C. § 1446(b) "would needlessly inject uncertainty into a court's inquiry as to whether a defendant has timely removed a case, and as a result would require courts to expend needlessly their resources trying to determine what the defendant knew at the time it received the initial pleading".  *Id.* at 163.  Instead, the Court established a bright-line rule that, regardless of "what a particular defendant may or may not subjectively know" at the time of the initial pleading, "if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading."  *Id.* at 163, 164.

13. "Though the Eleventh Circuit has not explicitly adopted such a bright-line rule, district courts in this circuit have followed *Chapman*'s lead."  *Harris v. McG Health, Inc.*, 2011 U.S. Dist. LEXIS 25329, *8-9 (S.D. Ga. Mar. 14, 2011) (collecting cases); *see also Callahan v. Countrywide Home Loans, Inc.*, 2006 U.S. Dist. LEXIS 42860, *10-14 (N.D. Fla. June 26, 2006) (adopting *Chapman*'s approach to 28 U.S.C. § 1446(b)); *Del Rio v. Scottsdale Ins. Co.*, 2005 U.S. Dist. LEXIS 29992, *9 (M.D. Fla. Nov. 18, 2005) (citing and applying *Chapman*); *Jade East Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F. Supp. 890, 891-92 (N.D. Fla. 1996) ("I find the reasoning of the Fifth Circuit in *Chapman* more persuasive than" contrary authority from outside the Eleventh Circuit).

14. The estimate of damages sent by Plaintiff's counsel qualifies as "other paper" under the second paragraph of 28 U.S.C. § 1446(b).  *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007) (holding that "an email estimating damages" by plaintiff's counsel qualified as "other paper"; citing with approval *Callahan*, 2006 U.S. Dist. LEXIS 42860

at *10). This "other paper" was received by Travelers on March 24, 2011. Because this Notice of Removal follows within 30 days, the inquiry ends under *Chapman* and its progeny with the conclusion that removal is timely under the second paragraph of 28 U.S.C. § 1446(b).

15. Even if an inquiry into Travelers' actual knowledge of value of Plaintiff's claim before suit was filed were relevant to establishing the jurisdiction of this Court (which it is not), Travelers had absolutely no knowledge of the amount of damages Plaintiff sought in this action before receipt of Plaintiff's estimate on March 24, 2011. After Hurricane Wilma made landfall on October 24, 2005, Plaintiff submitted a claim for property damage. (Franco Affidavit ¶ 6.) Travelers paid $32,807.84 on the claim less than three months later on January 21, 2006. (Franco Affidavit ¶ 6.) After payment by Travelers, there was no further communication of any kind from Plaintiff. (Franco Affidavit ¶ 6.) Thus, Travelers never heard from the insured a disagreement as to the amount of loss prior to Travelers receipt of the summons and Complaint in this case.

16. In the State Court Action on March 23, 2011, Travelers served a Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement, on the grounds that Plaintiff had failed to allege the ultimate facts of what, if anything, remained due and owing after Travelers investigated and paid the claim in 2006. For this reason, Travelers also argued, Travelers could not reasonably be required to frame a response to the Complaint. (Composite Exhibit 1 at 11-18.) Plaintiff's estimate of damages was sent to Travelers the next day. Without question, this Notice of Removal is timely filed with 30 days of Travelers' receipt of the "other paper" from which Travelers first ascertained that the case was removable.

**ALL OTHER PROCEDURAL REQUIREMENTS HAVE BEEN MET**

17. Copies of all process, pleadings, and orders served on and by Travelers in the State Court Action, and such other papers that are exhibits as required by 28 U.S.C. § 1446, and the Local Rules of this Court, are filed herein. (Composite Exhibit 1.)

18. Pursuant to 28 U.S.C. § 1446(d), Travelers has provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

WHEREFORE, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, prays that this Court exercise jurisdiction over this matter.

Dated:   April 21, 2011

Respectfully submitted,

ROBINSON & COLE LLP

*/s/ Rebecca Levy-Sachs*
Rebecca Levy-Sachs (FBN 596124)
rlevy-sachs@rc.com
1343 Main Street – Suite 400
Sarasota, FL  34236-5635
Tel. 941-906-6850 / Fax 941-906-6851
*Attorneys for Defendant*
*Travelers Property Casualty Company of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail and facsimile on April 21, 2011, on all counsel or parties of record on the Service List below.

/s/ *Rebecca Levy-Sachs*

### SERVICE LIST

Robert A. Reynolds, Esq.
GREENSPOON & MARDER, P.A.
100 W. Cypress Creek Rd. – Suite 700
Fort Lauderdale, FL  33309
Fax: 954-771-9264
*Attorneys for Plaintiff*
*Hispamer Distributors, Inc.*